UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERESE WYCHE** | : | |
| 4105 Trillium Terrace | : | |
| East Stroudsburg, PA 18301 | : | |
| | : | |
| Plaintiff, | : | JURY DEMANDED |
| | : | |
| v. | : | |
| | : | |
| **MONROE COUNTY CHILDREN YOUTH** | : | |
| | : | |
| 730 Phillips Street | : | No.: |
| Stroudsburg, PA 18360 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Sherese Wyche, by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to the Americans with Disabilities Act of 1990, the Pennsylvania Human Relations Act and the Family Medical Leave Act have been violated, and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Ms. Wyche (hereinafter "Plaintiff" or "Wyche"), is an adult individual residing at the above address.

2. Defendant, Monroe County Children & Youth, (hereinafter "Monroe County" or "Defendant") is a local governmental agency organized and existing

under the laws of the Commonwealth of Pennsylvania, registered to do business in the Commonwealth of Pennsylvania, and with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Ms. Wyche in Pennsylvania at the above captioned address and qualified as Ms. Wyche's employer under the Americans with Disabilities Act, the Pennsylvania Human Relations Act and the Family Medical Leave Act.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Ms. Wyche exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family Medical Leave Act ("FMLA").

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a

substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Wyche was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. On or about February 16, 2021, Monroe County Children & Youth ("Defendant") hired Ms. Sherese Wyche ("Plaintiff") as a Case Worker II. Ms. Wyche performed all duties asked of her without any complaints or issues.

10. In or around July of 2021, Ms. Wyche found out that she had breast cancer. When she received this diagnosis, Ms. Wyche advised Defendant and upon their request, she completed a Reasonable Accommodation Medical Authorization form which requested that Plaintiff be afforded continuous leave or to work remotely at her discretion due to the side effects of her scheduled chemotherapy.

11. Ms. Wyche continued to work through her Chemotherapy treatments. She did take a few days off during radiation treatment. After her chemotherapy and radiation, she was scheduled to begin dialysis treatment.

12. On or about, July 14, 2021, Ms. Wyche submitted an additional Reasonable Accommodation Medical Authorization form from her kidney doctor requesting accommodations for her fatigue and decreasing functional status due to her upcoming dialysis treatment.

13. On or around July 15, 2021, Plaintiff spoke with Defendant's Assistant Director of Human Resources, Theresa Ratliff and during this conversation Ms. Ratliff decided to defer Plaintiff's accommodation request from her kidney doctor until Plaintiff completed her chemotherapy.

14. On November 2, 2021, Plaintiff submitted a Reasonable Accommodation Medical Authorization form from her oncologist requesting that Plaintiff be allowed to work from home and advising that it may be difficult for her to type and drive due to pain and neuropathy in her hands.

15. On November 12, 2021, Plaintiff submitted a Reasonable Accommodation Medical Authorization form from her surgeon requesting that Plaintiff be restricted to lifting 5-10 pounds from December 14, 2021, through January 11, 2022, as a result of her surgery that was scheduled for December 14, 2021.

16. Defendant placed Plaintiff on a leave of absence from December 14, 2021, through January 23, 2022.

17. Plaintiff returned to work on January 24, 2022, with the lifting restriction in place.

18. On March 3, 2022, Plaintiff submitted a request for intermittent leave under the FMLA along with an accommodation request from her doctor for her to work at home due to her increased risk for infection.

4

19. Upon receipt of these two requests from Plaintiff, Ms. Ratliff advised that they could not accommodate her request to work from home.

20. Upon receiving the news that Defendant would not be willing to grant her request to work from home, Plaintiff then requested to convert her intermittent FMLA leave to continuous leave under the FMLA.

21. On April 29, 2022, Plaintiff was approved for a continuing leave of absence through August 1, 2022.

22. On July 25, 2022, Plaintiff submitted an additional leave request which Defendant denied.

23. On or about August 11, 2022, Plaintiff submitted a FMLA medical certification indicating the need to be on leave until November 1, 2022.

24. On August 12, 2022, Defendant spoke to Plaintiff, denied her leave request and terminated her because she had requested too much time off.

25. During this call, Plaintiff asked for the opportunity to speak to her doctor and see if he would be willing to return her to work earlier than November 1, 2022, but Defendant told Plaintiff, "no" and that she was terminated.

26. Following the call terminating her employment, Ms. Wyche went to the Union regarding her termination and they took no action to assist her.

27.     During her approved medical leave from August 11, 2022, to November 1, 2022, Ms. Wyche could have worked from home, but was never given a chance because she was terminated.

28.     As a direct and proximate result of Defendant's conduct in terminating Ms. Wyche's employment, Ms. Wyche has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION**
**(42 U.S.C.A. § 12101 et seq)**

29.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

30.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

31.     Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

32.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. At all times material hereto, Plaintiff had qualified disabilities, as described above.

34. Plaintiff's cancer and treatment for cancer namely, chemotherapy, radiation, surgery and dialysis, substantially limited one or more of her major life activities, including, sleeping, concentrating, caring for herself and working.

35. Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of her disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

36. Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate her disabilities.

37. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

38. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

39.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demand attorneys' fees and court costs.

## COUNT II-
## AMERICANS WITH DISABILITIES ACT FAILURE TO ACCOMMODATE
**(42 U.S.C.A. § 12101 et seq)**

40.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

41.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

42.     Ms. Wyche is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

43.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

44.     At all times material hereto, Ms. Wyche has a qualified disability, as described above.

45.     Ms. Wyche's cancer and cancer treatment substantially limited the major life activities of sleeping, concentrating, caring for herself and working.

46.     Ms. Wyche's remained qualified to perform her essential job functions with or without a reasonable accommodation.

47. Ms. Wyche's cancer is a qualifying disability under the Americans with Disabilities Act ("ADA").

48. Defendant's conduct in refusing to provide Ms. Wyche with reasonable accommodations for her disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

49. Defendant failed to engage in the interactive process after Ms. Wyche told Defendant that she needed medical accommodations.

50. Defendant failed to reasonably accommodate Ms. Wyche's disability.

51. As a proximate result of Defendant's conduct, Ms. Wyche has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

52. As a result of the conduct of Defendant's owners/management, Ms. Wyche hereby demands punitive damages.

53. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., Ms. Wyche demands attorneys' fees and court costs.

**COUNT III**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

54. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

55. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

56. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

57. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

58. As set forth above, Plaintiff engaged in protected activity when she requested accommodations for her disability.

59. Defendant failed to engage in the interactive process after Plaintiff told Defendant that she needed medical accommodations.

60. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss

of opportunity, and a permanent diminution of her earning power and capacity and a claim is therefore made for equitable relief.

61. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

62. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## DISABILITY DISCRIMINATION
**(43 P.S. § 951,** *et seq.***)**

63. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

64. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

65. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

66. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

67. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

68. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

69. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT V
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et. seq.*)

70. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

71. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

72. Ms. Wyche is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

73. Defendant is Ms. Wyche's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

74. Defendant's termination of Ms. Wyche's employment constituted retaliation for her engaging in protected activity of requesting leave and accommodations for her disability, and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

75. As a proximate result of Defendant's conduct, Ms. Wyche sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Wyche has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

76. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Wyche demands attorneys' fees and court costs.

## COUNT VI
## VIOLATION OF FMLA - RETALIATION
## (29 U.S.C. §2601 et seq.)

77. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

78. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

79.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her taking permissible FMLA leave.

80.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

81.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

82.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Sherese Wyche, demands judgment in her favor and against Defendant, Monroe County Children & Youth, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                            **LAW OFFICES OF ERIC A. SHORE, P.C.**

                     BY:  */s/ Mary LeMieux-Fillery, Esquire*
                            **MARY LEMIEUX-FILLERY, ESQUIRE**
                            (PA I.D. 312785)
                            Two Penn Center
                            1500 JFK Boulevard, Suite 1240
                            Philadelphia, PA 19102
                            Ph: 267-546-0132
                            Fx: 215-944-6124
                            *Attorney for Plaintiff, Sherese Wyche*

Date: 10/18/2023

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

10/18/2023
_____
(Date Signed)

_____
Sherese Wyche